James H. ROBINSON and B. H. Pentecost

v.

UNITED STATES of America, United States of America ex rel. Tennessee Valley Authority and Tennessee Valley Authority.

Civ. No. 3–79–194.

United States District Court, E. D. Tennessee, N. D.

July 16, 1979.

Erma G. Greenwood, Knoxville, Tenn., for plaintiffs.

Herbert S. Sanger, Jr., Justin M. Schwamm, Sr., Don O. Whitehead, Bonnie

B. Zachary, Tennessee Valley Authority Division of Law, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action seeks relief from the final judgment of this Court entered August 25, 1976, in a land condemnation case entitled *United States ex rel. Tennessee Valley Authority v. 50 Acres of Land*, Civil Action 3–75–128. The Tennessee Valley Authority (TVA) has moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment.

The underlying facts are not in dispute. As part of its Tellico Dam Project, TVA condemned 50 acres of petitioners' 82 acre tract in Monroe County, Tennessee. The Commission assigned to determine just compensation for this property found that the entire 82 acre tract was worth $29,600 before the taking. The remaining 32 acres, after the taking, were found to have an enhanced value, due to the contemplated Tellico Dam Project, of $25,200.00. The Commission therefore recommended payment to petitioners of the difference of these two amounts, or $4,400.00, as the just compensation for the condemnation. This Court entered its final judgment in accordance with the Commission report on August 25, 1976. The Court takes judicial notice of the fact that the fate of the controversial Tellico Dam project was before the Sixth Circuit Court of Appeals at that time. Nevertheless, petitioners did not appeal from the August 25 judgment. Since then, TVA has been permanently enjoined from impounding a reservoir behind the Tellico Dam. *See Hill v. TVA*, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978), *aff'g*, 549 F.2d 1064 (6th Cir. 1977). Thus, to the extent that the enhanced value of petitioners' remaining 32 acres was dependent on impoundment of the Tellico reservoir, that enhanced value has, for the time being, been frustrated.

Petitioners now seek relief from the August 25, 1976 judgment pursuant to Fed.R. Civ.P. 60(b). Alternatively, petitioners' characterize their action as an independent action for damages for a taking without just compensation under the Fifth Amendment, or as an action to quiet title in them to the 50 acres condemned by TVA, because of failure of compensation.

Petitioners' quiet title claim to the 50 condemned acres is clearly without merit. A fee simple title to this 50 acres passed to the United States immediately upon the filing of the notice of taking and the accompanying deposit. 40 U.S.C. § 258a.

Petitioners' claims under Rule 60(b) and the Fifth Amendment both can be summarized as follows: since TVA has been permanently enjoined from impounding the Tellico reservoir, the enhanced value of petitioners' remaining tract has failed to materialize, and never will; therefore, TVA owes petitioners additional compensation in cash for the taking of this property. Unfortunately for petitioners, however, the central premise of this argument has already been adjudicated against them. The Commission appointed pursuant to Fed.R. Civ.P. 71A, to determine just compensation, found, as a matter of fact, that petitioners' property *had* an enhanced value after the condemnation attributable to the anticipated reservoir. This was not a promise of future enhanced value dependent upon subsequent events, but a finding of present enhanced value immediately after the taking. This follows the applicable law governing the timing of land valuations in condemnation proceedings. The applicable rule of law, simply, is that the measure of just compensation in a partial taking is the difference between the value of the entire tract before the taking and the value of the remaining tract *after the taking*. See Instructions to Commissioners, 61 F.R.D. 503, 513 (given by this Court in 1973). The Commission observed this rule of law in its report. If petitioners doubted, in August, 1976, that their remaining tract had any enhanced value *after the taking* due to the reasonably anticipated reservoir, their remedy was to appeal the final judgment of this Court.

In the opinion of the Court, petitioners' Fifth Amendment claim is barred, under principles of res judicata, by the final judgment determining just compensation entered August 25, 1976. *Chambers v. Colonial Pipeline Co.*, 296 F.Supp. 555 (E.D. Tenn.1968). Further, relief under Rule 60(b), which is addressed to the sound discretion of the Court, Wright and Miller, 11 Fed.Practice and Procedure § 2857, is not appropriate here. The Court finds the Commission applied the law correctly in the previous case, and arrived at a just result based on market rates prevailing in August, 1976. At the time the Court awarded petitioners $4,400.00 based on the Commission's report this controversy should have come to an end. Reopening compensation awards in land condemnation proceedings through Rule 60(b) based on events occurring after an otherwise fair award would set a dangerous precedent, possibly subjecting the Government to endless litigation whenever it exercises its power of eminent domain.

Accordingly, it is ORDERED that defendants' motion to dismiss be, and the same hereby is, granted.

Order Accordingly.